78

Fred Peterson
vs.                    } No.39168
The Shepard Company

January 18, 1918

SWEENEY, J. Heard on defendant's motion for a new trial.

This is an action of trespass on the case for neglect to provide the plaintiff with a reasonably safe and suitable gasoline torch for use in the course of his employment in repairing defendant's automobiles in its garage.

After a three days' trial the jury returned a verdict for plaintiff and assessed damages in the sum of $1975. The defendant now moves for a new trial on the grounds that the verdict is against the law and the

evidence and the weight thereof and that the damages awarded are excessive.

The evidence shows that plaintiff was in the employ of the defendant at its garage as repair man of defendant's automobiles, and that while he was getting ready to solder a pipe on one of defendant's automobiles, he lit defendant's gasoline torch in order to heat a soldering iron; that the torch exploded within a few minutes thereafter, while the plaintiff was looking for a soldering iron, and that plaintiff and another employee were horribly burned by the gasoline escaping from the torch.

The evidence also shows that the defendant had accepted the provisions of the Workmen's Compensation Act so far as it applied to its department store on Westminster street but that it had not accepted the provisions of the Workmen's Compensation Act so far as it applied to its garage which was located more than one mile distant from its department store, because it had never posted any notice of its acceptance of the provisions of the Workmen's Compensation Act in its garage and the plaintiff had no knowledge of the defendant's attempted acceptance of said Act.

Under the existing law the defendant cannot avail itself of the common law defence, that the plaintiff had assumed the risk of injury from the torch or that he was negligent in its use.

The evidence shows that the torch which exploded was the only one provided for use in defendant's garage; that it had been there for more than one year; that it was in a defective condition for several months and that the agent of the defendant in charge of the garage knew of this defective condition of the torch. The overwhelming preponderance of the evidence shows that the defendant did not provide a reasonably safe torch for use in its garage by the plaintiff.

As a result of the explosion the plaintiff was horribly burned on his head and his arms, and after the fire on his clothes was extinguished, he was taken to a nearby doctor's office for treatment, and his agony while at the doctor's office was so intense that he swooned. There was no attempt on the part of the plaintiff or his doctors or attorneys to exaggerate the plaintiff's injuries or inflate the damages, and the Court cannot say that the damages, while seemingly large, are excessive for the pain and suffering endured by the plaintiff and the expense and loss he sustained on account of the negligence of the defendant.

In the judgment of the Court the verdict is in accord with the weight of the evidence and the damages awarded are not excessive, and, therefore, the defendant's motion for a new trial is denied.

For plaintiff: O'Shaunessy, Gainer & Carr.

For defendant: Gardner, Pirce & Thornley.